-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARLINGTON AMADASU,

        Plaintiff,

    -v-

ERIE COUNTY OF NEW YORK STATE,
MICHAEL WEINER, Commissioner,
G. FRANKLIN, Operations Manager,
M. HRYNYSHYN, Investigator,
SUSAN MECKES, Investigator,
ROBERT DOAR, Commissioner of New York State Department
of Social Services, Child Support Enforcement/Support Collection Unit,
JOEL GIAMBRA, County Executive,
JOHN P. PATTI, Hearing Examiner, Family Court of State of New York,
FAMILY COURT OF STATE OF NEW YORK, Erie County,
MICHAEL O. LEAVITT, Secretary of U.S. Department of
Health and Human Services,
CONDOLEEZA RICE, Secretary of U.S. Department of State, and
NAN PEARL AMADASU, a/k/a NAN P. SINGLETARY ,

        Defendants.

DECISION AND ORDER
06-CV-0058S(Sr)

---

### INTRODUCTION

Plaintiff, Darlington Amadasu, a resident of Cincinnat, Ohio, initially brought this *pro se* civil rights action in the United States District Court, Southern District of Ohio against the County of Erie, New York, numerous individuals and officials of the Erie County Department of Social Services and New York State Family Court, Erie County involved in the collection of child and spousal support payments, his ex-wife and the Secretaries of the United States Departments of Health and Human Services and State, Michael Leavitt and Condoleeza Rice, respectively. The matter was thereafter transferred to this Court pursuant to 28 U.S.C. § 1406(a).

Plaintiff claims that he owes no child or spousal support and that he has overpaid; he seeks, in part, to recoup support payments already made. He brings this action under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, asserts violations of his rights under the First, Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution and Title VI, 42 U.S.C. § 2000d. He also asserts that the Court has jurisdiction pursuant to Title IV-D, Section 460 of the Social Security Act-Federal Child Support Enforcement Program, 42 U.S.C. § 660.[1]

Plaintiff has applied for permission to proceed *in forma pauperis* and has filed a motion to transfer this action back to the Southern District of Ohio. For the following reasons, plaintiff's application to proceed *in forma pauperis* is granted, his complaint is dismissed, *see* 28 U.S.C. § 1915(e)(2)(B),[2] *Bell v. Hood*, 327 U.S. 678, 682 (1946), and his motion to transfer is denied as moot.

## DISCUSSION

Plaintiff's complaint, which reads more like an afternoon soap opera than a federal civil rights complaint, is a convoluted chronicle of the last 20 or so years of plaintiff's life starting with his ill-fated medical education and career, his marriage to his now ex-wife and her alleged extra-marital affair, and his permanent disability. He also sets forth his contested paternity of

---

[1] 42 U.S.C. § 660 provides that the "district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title." There is no basis for jurisdiction here under the Child Support Enforcement Act, 42 U.S.C. §§ 651-665, because, among other reasons, there is no certification by the Secretary of Health and Human Services.

[2] Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth below, the Court finds that is has no subject matter jurisdiction over plaintiff's claims which are simply attempts to appeal from and modify spousal and child support orders or decrees.

two of the couple's three children, the paternity and child support proceedings commenced by the Erie County Department of Social Services in 1991 on behalf of plaintiff's ex-wife and his children in New York State Family Court, Erie County, which resulted in an order of the Family Court in March 1991 directing plaintiff to pay $200.00 per week in spousal and child support to his ex-wife and three children. In 1993 an order garnishing his wages was entered. He also alleges that his passport was revoked in 2005 because he was in arrears on his support payments.

The gravaman of the complaint is that the Family Court support proceedings commenced by the Erie County Department of Social Services on behalf of plaintiff's ex-wife and children did not comply with various New York State enforcement statutes and were arbitrary and capricious for a variety of reasons.

The complaint sets forth 25 causes of action against the defendants including, *inter alia*, (1) violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986 based on denials of equal protection and due process, (2) a violation of Title VI, 42 U.S.C. § 2000d, based on plaintiff's receipt of social security benefits, (3) state common law claims of fraud, misrepresentation, recklessness, intentional infliction of emotional distress, negligence and breach of contract, and (4) violations of the New York State Constitution and Human Rights Law (Executive Law, § 296 *et seq.*) based on race, national origin and gender discrimination. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

### A. Subject Matter Jurisdiction

Plaintiff's complaint, which purports to be a federal civil rights action, is nothing more than a poorly disguised attempt to nullify or modify various New York State Family Court judgments or orders requiring plaintiff to pay spousal and child support to his ex-wife and

3

children. As properly construed, it is clear that this Court has no subject matter jurisdiction over plaintiff's claims and, therefore, this action must be dismissed.[3]

"The Rooker-Feldman doctrine holds that inferior federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court.' " *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002) (quoting *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996)). Stated another way, the Rooker-Feldman doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, ---U.S.---, 126 S.Ct. 1198, 1199 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1521-22 (2005)). Jurisdiction is also lacking where plaintiff's claims before the district court are "inextricably intertwined" with the state court's determinations. *Phifer*, 289 F.3d at 55 (citing and quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)). See also *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[4] It has been held that "inextricably

---

[3] The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967 (1988) (citations omitted). A case should be dismissed for lack of subject matter jurisdiction when "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

[4] In *Feldman*, the Supreme Court distinguished between constitutional challenges to final judgments of a state court in judicial proceedings, over which the federal district court did not have subject matter jurisdiction, and constitutional challenges to a rule made by a state court in a legislative capacity, over which the district court did have subject matter jurisdiction. *Feldman*, 460 U.S. at 482-86. The only exception to this rule, now commonly known as the Rooker-Feldman doctrine, is where a federal statute authorizes federal appellate review of final state court decisions. *Fariello v. Campbell*, 860 F.Supp. 54, 65 (E.D.N.Y. 1994). The federal civil rights statutes raised herein contain no special authorization.

intertwined" means, at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), subsequent litigation of the claim will be barred under the Rooker-Feldman doctrine if it would be barred under the principles of preclusion. *Moccio*, 95 F.3d at 199-200.

The pivotal question is "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir.2001) (quotation marks and citation omitted). Clearly, the injury alleged herein--the payment of child and spousal support--arises directly from the Family Court support orders, and cannot be said to be distinct from those orders.

All of plaintiff's allegations go to whether the Family Court committed error in reaching its decisions and all of plaintiff's constitutional and statutory claims are "inextricably intertwined" with the Family Court's judgments and proceedings. *Fariello v. Campbell*, 860 F.Supp. 54, 65 (E.D.N.Y. 1994). Plaintiff's remedy for perceived errors in Family Court was to pursue an appeal. It is not to seek relief in federal court.

As recently stated by the Supreme Court, Rooker-Feldman is confined to those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at ---, 125 S.Ct. at 1521-22. Because, as noted, plaintiff is simply seeking federal review of the Family Court orders and decrees regarding

5

his support obligations,[5] this Court has no subject matter jurisdiction over plaintiff's claims and this action must be dismissed.[6]

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice for the lack of subject matter jurisdiction.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[5] To the extent plaintiff's "claims" against Micheal Leavitt, Secretary of the United States Departments of Health and Human Services, and Condoleeza Rice, Secretary of the United States Department of State, can be construed to be brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971), against these two government officials in their official capacities, they must be dismissed because claims brought against government officials in their official capacity are considered to be claims brought against the government itself, and the federal government and its agencies are immune from suit absent a waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994) (holding that Bivens claim against federal defendants in their official capacities was barred by sovereign immunity); *Pimentel v. Deboo*, 411 F.Supp.2d 118, 126 (D.Conn., 2006) ("A claim against a federal employee in her official capacity is, essentially, a suit against the United States.") (citation omitted)). Moreover, to the extent said claims can be construed to brought against said defendants in their individual capacities, which the Court finds they are not, they too must be dismissed because neither Leavitt nor Rice are alleged to have been personally involved in any of the alleged constitutional violations and are only named herein as the individuals responsible for their respective Departments. *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir.1987), *cert. denied sub nom. Barbera v. Schlessinger*, 489 U.S. 1065 (1989).

[6] To the extent plaintiff may be seeking to allege supplemental jurisdiction over the numerous state law claims raised pursuant to 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over those claims because all the federal claims upon which subject matter jurisdiction is based are being dismissed. See 28 U.S.C. § 1367(c)(3); *see also Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) (noting that dismissal of pendent state law claims is appropriate where all federal claims have been dismissed and "it appears that the state issues substantially predominate") (internal quotation marks omitted).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed and the Clerk of the Court shall take all action necessary to close this case;

FURTHER, that plaintiff's motion to transfer this action back to the United States District Court for Southern District of Ohio is denied; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 25, 2006.